UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER DUFRENE           CIVIL ACTION NO. 05-1257-P

versus           JUDGE HICKS

JOHN MARTIN           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Christopher Dufrene ("Plaintiff") is an inmate housed at the David Wade Correctional Center. Plaintiff filed this civil action against John Martin, a licensed practical nurse who is employed at the prison. Plaintiff alleged in his original complaint that on March 12, 2005 Nurse Martin refused Plaintiff medical treatment after Plaintiff reported that his blood sugar level was high. The court requested more information about the claim, and Plaintiff filed a submission (Doc. 9) in which he added complaints that Nurse Martin also refused treatment on May 25, 2005 and December 2, 2005. Martin has filed a Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 19). The motion was noticed for briefing, but Plaintiff has not filed any response. It is recommended, for the reasons that follow, that the motion be granted.

**Summary Judgment Evidence**

Nurse Martin's motion is supported by his affidavit and extensive prison medical records related to Plaintiff's care. The records indicate that Plaintiff is a diabetic. Martin testifies that, beginning in January 2005, Plaintiff was placed on a diabetic diet and continued

that diet with the exception of March 15, 2005 when Plaintiff refused the diet and requested a regular diet. Martin adds that Plaintiff has been examined at least once a month since he was transferred to David Wade in January 2005, and Plaintiff has been assigned to the Chronic Clinic for Diabetes and Pulmonary Monitoring, where he was seen eight times between February 2005 and January 2006. Martin testifies that Plaintiff is given two diabetes medications each morning unless Plaintiff refuses the medication. Martin says that he has never refused to give Plaintiff medical care or treatment when Plaintiff's condition warranted medical intervention, but he has written up Plaintiff for a disciplinary violation when Plaintiff requested emergency medical care but was found to be malingering. Martin testifies, in conclusion, that Plaintiff's diabetes was under active supervision and monitoring by the prison medical staff and that Plaintiff was not in need of any additional treatment on the three dates Plaintiff mentions in his pleadings.

Medical records attached to the motion reflect that Plaintiff completed on March 12, 2005 a Request for Medical Treatment. He stated: "I need to have my suger check." Nurse Smith recorded that the blood sugar level was checked and was 112 (normal). Plaintiff nonetheless made another request that same day, stating: "I need to check my suger." Nurse Martin recorded that he responded to the request and found Plaintiff to be asymptomatic and standing at the cell bars arguing with another inmate. Nurse Martin charged Plaintiff with malingering. The other medical records show frequent care for both diabetes and problems

ranging from requests for mental health treatment, a foreign object that Plaintiff inserted in his urethra, and a rash caused by a reaction to soap.

**The Constitution and Inmate Medical Care**

For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

**Analysis and Conclusion**

The only competent summary judgment evidence that is before the court shows that Plaintiff received regular treatment for his diabetes. Plaintiff may not have been satisfied with the treatment he received on some occasions, but that does not give rise to a constitutional violation. Prison officials regularly provided Plaintiff medication to treat his diabetes and routinely conducted tests and examinations. Summary judgment on all claims is warranted.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 19)** be **granted** and that all of Plaintiff's claims be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of March, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE